UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CUMBERLAND SCHOOL COMMITTEE<br>Plaintiff<br>v.<br><br>ERIC and CHERIANN SCHREIBER, as parents and next friends of JANE DOE., alias; THE RHODE ISLAND BOARD OF REGENTS FOR ELEMENTARY AND SECONDARY EDUCATION<br>Defendants | ) | C.A. No. 07 - 042S |

AMENDED COMPLAINT

INTRODUCTION

1. This is an appeal of a Special Education Due Process Decision pursuant to 20 U.S.C. §1415 *et seq.*, R.I. Gen. Laws §16-24-1 *et seq*, and R.I. Gen. Laws §42-35-15.

PARTIES

2. The Cumberland School Committee (hereinafter "Plaintiff") is a public body responsible for public education in the Town of Cumberland, Rhode Island, with its principal offices located in Cumberland, Rhode Island.

3. Eric and Cheriann Schreiber, as parents and next friend of JANE DOE., alias (hereinafter "Defendant") , are individuals who reside in Cumberland, Rhode Island.

4. The Rhode Island Board of Regents for Elementary and Secondary Education (hereinafter "Board of Regents") is a public corporation created by an act of the General Assembly, with its principal offices located in Providence, Rhode Island and is joined as a party pursuant to R.I. Gen. Laws §42-35-15 and R.I. Gen. Laws §16-24-1 *et seq*.

## JURISDICTION AND VENUE

5. This action is brought pursuant to 20 U.S.C. §1415 *et seq.*

6. Venue is based on 28 U.S.C. §1391(a).

## BACKGROUND AND TRAVEL

7. This is a timely appeal of a Decision by a Hearing Officer for the Board of Regents dated December 20, 2006, a copy of which is attached hereto as Exhibit 1.

8. A Request for Due Process was filed by the Defendant on or about September 22, 2006.

9. Testimony and evidence was presented before the Hearing Officer on November 9, 2006 and November 16, 2006.

10. Legal briefs were subsequently filed by both parties pursuant to the direction of the Hearing Officer.

11. The Hearing Officer issued a written Decision dated December 20, 2006.

12. The Decision was received by the Plaintiff on January 2, 2007.

13. Applicable law requires the filing of an appeal within thirty (30) days after receipt of the final Decision. Providence School Department v. Ana C.. 108 F.3d 1 (1st Cir. 1997) *see also* R.I. Gen. Laws §42-35-15(b).

## COUNT I

14. Plaintiff is a party aggrieved by the findings and Decision of the Hearing Officer under 20 U.S.C. §1415 *et seq.*, R.I. Gen. Laws §42-35-15 and R.I. Gen. Laws §16-24-1 *et seq.*

15. The Hearing Officer's Decision failed to make the necessary findings of fact and failed to resolve disputed material issues of fact, which failure constitutes a violation of applicable statutory provisions and a failure to conform with required procedure.

16. The Hearing Officer's Decision was not supported by the reliable, probative and substantial evidence on the whole record and therefore was clearly erroneous.

17. The Hearing Officer's Decision was arbitrary and/or capricious and/or characterized by abuse of discretion and/or was a clearly unwarranted exercise of discretion.

18. The Hearing Officer's Decision contained inappropriate rulings on issues not previously raised.

WHEREFORE, Plaintiff requests that the Court hear or allow additional evidence pursuant to 20 U.S.C §1415(i)(2)(B)(ii), that it review the evidence of record, that it reverse the Decision of the Hearing Officer, and that it enter an Order and Judgment awarding the Plaintiff the following:

(1) deny and dismiss the Defendant's Due Process complaint in its entirety;

(2) determine that the 2006-2007 Individual Education Plan (IEP) was appropriate in all respects and allowed for JANE DOE to make educational progress;

(3) determine that the Hearing Officer's ruling regarding Extended School Year services was outside the scope of his jurisdiction and constituted an abuse of discretion and dismiss the same;

(4) determine that the Hearing Officer's ruling regarding the individual to provide tutoring services was not appropriate and an abuse of discretion and dismiss the same;

(5) determine that the Hearing Officer's ruling regarding reimbursement for tutoring services was not appropriate and an abuse of discretion and dismiss the same;

(6) award the Plaintiff further relief as it deems appropriate based upon a preponderance of the evidence.

Plaintiff further requests that any requested award of attorney fees to the Defendant's attorney be eliminated or reduced pursuant to 20 U.S.C. §1415 (i)(3) and that it award Plaintiff such other and further relief as the Court deems appropriate.

Plaintiff
By its attorney

____________________________

Andrew Henneous, Esq. #5935
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
Ph: 453-2000 Fax: 453-2345

P:\Active Clients\BMS files\CUMBERLAND SCHOOL COMMITTEE\Courtney S\amended federal appeal complaint.wpd